Filed 3/14/25  P. v. Echard CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062890, G063570 |
| v. | (Super. Ct. No. 11NF2167) |
| JOSHUA EUGENE ECHARD, | O P I N I O N |
| Defendant and Appellant. | |

Appeals from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin

Urbanski and Laura G. Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

In 2020, with an exception that does not apply here, the Legislature invalidated Penal Code[1] section 667.5, subdivision (b) prior prison term enhancements. (Stats. 2019, ch. 590; Sen. Bill No. 136 (2019-2020 Reg. Sess.).) For any defendant whose pre-2020 sentence included such an enhancement, the Legislature gave that defendant the right to have his or her sentence recalled for resentencing under current sentencing guidelines. (§ 1172.75, subds. (a) & (c).)

The issue before us in this appeal is whether section 1172.75 entitles defendants to resentencing when their judgments include a prior prison term enhancement which the court struck for purposes of sentencing. We hold it does and therefore reverse the trial court's ruling.

STATEMENT OF FACTS

Appellant Joshua Eugene Echard pleaded guilty to three counts of second degree robbery (counts 1, 2, & 3; §§ 211/212.5, subd. (c)), one count of aggravated assault (count 4; § 245, subd. (a)(1)), and one count of brandishing a deadly weapon (count 5; § 417, subd. (a)(1)). He admitted the truth of two prior strike convictions, two prior serious felonies, and two prior prison term enhancements (§§ 667, subds. (d) & (e)(2)(A), § 1170.12, subds. (b) & (c)(2)(A), § 667, subd. (a)(1), § 1192.7, § 667.5, subd. (b)). Pursuant to the negotiated plea agreement, the court struck one of Echard's prior strike convictions and the punishment for the prior prison term

---

[1] All further statutory references are to the Penal Code.

2

enhancements. The court then sentenced Echard to a term of 20 years in state prison.

In 2023, Echard petitioned for resentencing pursuant to section 1172.75. The court denied the request because the punishment "was ordered stricken at sentencing." Echard appeals this ruling.[2]

DISCUSSION

Echard contends the trial court erred because "[n]othing in the law distinguishes between cases in which enhancements were executed and those in which enhancements were stayed or stricken for the purpose of sentencing." We agree.

A.    *Standard of Review*

Whether section 1172.75 affords resentencing relief to Echard is a question of "statutory interpretation that we must consider de novo." (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) "'Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 (*Gonzalez*).) "'The statute's plain meaning controls [our] interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent.'" (*People v. Henry* (2009) 172 Cal.App.4th 530, 535.)

B.    *Applicable Law*

Section 1172.75 invalidated all prior prison term enhancements which a court "imposed prior to January 1, 2020 . . . . " (§ 1172.75, subd. (a).)

---

[2]    Echard filed two appeals challenging the denial of his motion for resentencing. We consolidated the appeals.

If the court determines a defendant's "current judgment includes" such an enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed" (§ 1172.75, subd. (d)(1), and the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (*id.*, subd. (d)(2)).

C.    *Analysis*

Section 1172.75, by its terms, grants relief to any defendant whose "current judgment includes" a section 667.5 subdivision (b) prior prison term enhancement, regardless of punishment. Nonetheless, the Attorney General argues "[s]ection 1172.75 contemplates relief only for defendants serving sentences for *imposed* prior prison term enhancements— that is, those that actually alter a defendant's aggregate sentence." The Attorney General relies on *Gonzalez, supra*, 43 Cal.4th 1118 to support his belief that the word "impose," as used in section 1172.75, means to "impose and execute." We are not persuaded.

In *Gonzalez*, a jury convicted the defendant of firearm enhancements under subdivisions (b), (c), and (d) of section 12022.53 and a firearm enhancement under section 12022.5. (*Gonzalez, supra*, 43 Cal.4th at p. 1123.) Each conviction carried the possibility of a different length of imprisonment, but section 12022.53, subdivision (f), provided that "'[o]nly one additional term of imprisonment under this section shall be imposed per person for each crime.'" (*Id.* at p. 1125, emphasis omitted.) Where a jury convicted the defendant of more than one firearm enhancement, the statute required the court to "'impose . . . the enhancement that provide[d] the longest term of imprisonment.'" (*Ibid.*, emphasis omitted.) The Supreme

4

Court concluded the word "'impose'" required the trial court to "impose and . . . *execute*" the enhancement with the greatest length of punishment, as opposed to imposing and staying punishment. (*Id.* at p. 1127.)

Here, unlike the statutes at issue in *Gonzalez*, section 1172.75 is not intended to increase a defendant's sentence; the statute is designed to accomplish the opposite. Section 1172.75 requires only that the "current judgment includes" a prior prison term enhancement. (*Id.*, subd. (c).) When reading the language of the statute as a whole, the word "impose" is a reference to the fact the prior prison term enhancement was included in the defendant's judgment.

The Attorney General maintains our interpretation conflicts with section 1172.75 subdivision (d)(1)'s requirement that the new sentence be "a lesser sentence than the one originally imposed." He argues we therefore must conclude the prior prison term enhancement actually increased the original sentence.

We disagree. The elimination of a prior prison term enhancement and a concurrent right to receive a lesser sentence are not in conflict. The Legislature is entitled to mandate both.[3]

## DISPOSITION

The order dated November 28, 2023, finding Echard ineligible for resentencing pursuant to section 1172.75 is reversed. The matter is remanded for resentencing. The trial court is directed to recall Echard's sentence and resentence him for a term consistent with the requirements of

---

[3] Our holding is consistent with *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987, which reached the same conclusion.

section 1172.75. The trial court is then directed to prepare an appropriately amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


GOETHALS, J.

I CONCUR:


MOORE, ACTING P. J.

DELANEY, J., Concurring.

I agree with the majority that the sole issue in this case concerns the interpretation of Penal Code section 1172.75, and I agree the trial court erred in denying defendant Joshua Eugene Echard's resentencing petition.[1] I write separately because I believe the statutory analysis which compels that conclusion is different than the majority articulates.

"Our task when interpreting statutory language is to discern the Legislature's intent 'so as to effectuate the purpose of the law.' [Citation.] 'The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*People v. Hupp* (2023) 96 Cal.App.5th 946, 950.)

Section 1172.75 requires resentencing when a defendant's judgment includes a now-invalid prison prior sentencing enhancement "imposed" pursuant to a former version of section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).) The Attorney General argues the word imposed should be interpreted to mean imposed and executed.

On its face, section 1172.75 does not require a defendant to have been subjected to a term of imprisonment to qualify for resentencing. Rather, the statute is broadly worded to apply whenever a prior prison term enhancement was "imposed," without further qualification. (§ 1172.75, subds. (a), (c).) Had the Legislature intended to limit section 1172.75's reach to cases where the enhancement was imposed and executed, it could have expressly done so. But it did not.

---

[1] All further statutory references are to the Penal Code.

1

When the plain language of a statute is clear, courts are not at liberty to rewrite it to conform to a presumed legislative intent which does not appear in its text. (See *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 807; *Figueroa v. FCA US, LLC* (2022) 84 Cal.App.5th 708, 712). Thus, if one views "imposed" as unambiguous, the express language of section 1172.75 does not support the Attorney General's interpretation of the statute as requiring both imposition and execution of a prior prison term enhancement as a prerequisite to obtaining resentencing relief. (*Espino, supra,* 104 Cal.App.5th at p. 197, rev. granted; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676.)

Applying that understanding of the "imposed" language to a situation in which the punishment for a prison prior enhancement was stricken, a court does not impose a sentence enhancement finding. Rather, it imposes punishment for a sentence enhancement. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125; *People v. Espino* (2024) 104 Cal.App.5th 188, 204 (dis. opn. of Lie, J.), review granted Oct. 23, 2024, S286987 (*Espino*).) Punishment cannot be stricken, unless it is first imposed. (See Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/impose, par. 1.a> [as of Feb. 18, 2025] archived at: <https://perma.cc/9DW6-JUF6> [defining "impose" as "to establish or apply by authority"]; Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/strike, par. 4> [as of Feb. 18, 2025] archived at: <https://perma.cc/MR92-TPD5> [defining "strike" as "to delete something"].) Here, the original sentencing court struck only the punishment for the enhancement and did not strike the enhancement itself. So, even though Echard was not subjected to prison time or the threat of prison time as a result of the prior prison term enhancement finding, the sentence

enhancement was imposed for purposes of section 1172.75 resentencing eligibility.

While the foregoing analysis is premised on the statute's plain language being unambiguous and on a certain ordinary meaning of the word imposed, I would be remiss not to recognize *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), and the *Espino* dissent. Both provide equally persuasive, supported, and well-reasoned argument for ascribing a different meaning to the word imposed, including cogent rationale that goes beyond the statutory language. (See *Rhodius*, at pp. 43–48, rev. granted; *Espino, supra*, 104 Cal.App.5th at pp. 202–204 (dis. opn. of Lie, J.), rev. granted.)

Among other matters, the *Espino* dissent highlights the divergent positions held by the judiciary regarding whether an enhancement for which punishment was stricken may have potential future adverse consequences, such as restricting a defendant's custody credits, and whether the Legislature intended section 1172.75 to neutralize any such potential collateral consequences. (Compare *Espino, supra*, 104 Cal.App.5th at p. 201, with *id.* at pp. 204–205 (dis. opn. of Lie, J.), rev. granted.) Relevant to those points, any defendant who previously served a term in prison will always have that prior prison term in their history. Thus, even if the finding and punishment for an enhancement based thereon is eliminated from a particular judgment, the prior prison term has the potential for negatively impacting them in the future. (See, e.g., § 1170, subd. (b)(2) [court may impose sentence exceeding middle term of sentencing triad when "circumstances in aggravation" justify doing so]; *Chavez Zapeda v. Superior Court* (2023) 97 Cal.App.5th 65, 78 ["'circumstances in aggravation'" in § 1170, subd. (b)(2), includes factors listed

3

in Cal. Rules of Court, rule 4.421]; Cal. Rules of Court, rule 4.421 [prior prison term served by defendant is an aggravating circumstance].)

Similarly, *Rhodius* brings to light the current fundamental disagreement among appellate courts regarding whether unexecuted punishment for a prison prior enhancement adds to a defendant's sentence, such that elimination of all aspects of the enhancement will "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1); see, e.g., *Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *People v. Christianson* (2023) 97 Cal.App.5th 300, 312, review granted Feb. 21, 2024, S283189; *Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, rev. granted.) In this regard, I respectfully disagree that an enhancement for which punishment was originally stricken can result in an additional term of imprisonment during a future resentencing.

Roughly two years before the Legislature enacted section 1172.75, it amended section 667.5, subdivision (b), to narrow the availability of the one-year prison prior enhancement. (Stats. 2019, ch. 590, § 1.) The enhancement is now only available for prior prison terms for sexually violent offenses, which is the precise type of prison prior enhancement excluded from section 1172.75 resentencing eligibility. (§§ 667.5, subd. (b), 1172.75, subd. (a).) Accordingly, a court conducting a resentencing today could only "revive" a one-year prison prior enhancement for which punishment was previously stricken if the qualifying prior prison term was for a sexually violent offense. A court could not, now or in the future, impose punishment for a prison prior enhancement that the Legislature makes unavailable at the time of a resentencing hearing. (See *People v. Padilla* (2022) 13 Cal.5th 152, 160–163 [new laws that mitigate punishment for offense generally are presumed to apply to cases not yet final, including when prior sentence is vacated for

4

resentencing]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206 & fn. 4 [except where barred by prohibition against ex post facto laws, trial court must apply law in effect at time of resentencing].)

Where, as here, the use of statutory construction tools leads to two reasonable interpretations of the statute which completely counterbalance one another, the inescapable conclusion is the statute is ambiguous in such a manner, and to such an extent, that its meaning cannot be conclusively resolved by applying rules of statutory construction. Under these unique circumstances, the rule of lenity applies, and we must adopt the interpretation most favorable to Echard—that an imposed prison prior sentence enhancement triggers application of section 1172.75's resentencing process, even if the original sentencing court ultimately struck the punishment. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611 [rule of lenity applies "'''only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule'''"]; *Espino, supra*, 104 Cal.App.5th at p. 201, rev. granted [rule of lenity would apply if section 1172.75 interpretations were equally strong on both sides].)

Because Echard's judgment includes a prison prior sentence enhancement that was imposed prior to January 1, 2020, within the meaning of section 1172.75, I agree Echard is entitled to resentencing.

DELANEY, J.